DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**K.N.** and **D.N.,**
Appellants,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
and **GUARDIAN AD LITEM,**
Appellees.

No. 4D22-2273

[April 12, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert B. Meadows, Judge; L.T. Case No. 312018DP000042.

Katie Jay and Sarah J. Campbell of Jay & Campbell, PLLC, Stuart, for appellants.

Stephanie C. Zimmerman, Deputy Director & Statewide Director of Appeals, Children's Legal Services, Bradenton, and Andrew Feigenbaum, Children's Legal Services, West Palm Beach, for appellee Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem.

### ON APPELLANTS' MOTION FOR CLARIFICATION OR REHEARING, AND/OR CERTIFICATION

WARNER, J.

We grant appellants' motion to certify conflict to the supreme court and certify conflict with *T.R.-B. v. Department of Children & Families*, 335 So. 3d 729 (Fla. 3d DCA 2022). *T.R.-B.* was not mentioned in our opinion, because the facts were distinguishable from this case. On further reflection, however, our opinion conflicts with the Third District's decision regarding the applicability of Florida Rule of Civil Procedure 1.230 to dependency proceedings.

In *T.R.-B.*, the trial court denied a grandmother's motion to intervene as an interested party in the dependency proceeding of her grandchild. 335 So. 3d at 730. The proceedings prior to the grandmother's motion to intervene were a tangled web of conflict between the grandmother and the Department of Children and Families ("DCF"). Importantly, after DCF rejected the grandmother's application to adopt the child, and the trial court granted DCF's request for visitation between the child and DCF's approved adoptive parent, the grandmother filed a formal adoption petition in family court and then moved to intervene in the dependency case. *Id.* at 731. The grandmother then had her case transferred to the juvenile division and moved to waive DCF's consent to adoption while her motion to intervene was pending. *Id.* at 731–32.

To prepare for the hearing on her motion to waive DCF's consent, the grandmother sought to depose the guardian ad litem ("GAL"), but the GAL moved to quash the notice of deposition and moved for a protective order, arguing that the grandmother was not a party to the dependency case but only a participant, and only parties may take depositions. *Id.* The trial court granted the GAL's motion for a protective order because the grandmother was only a participant and not a party entitled to discovery, relying on section 39.812(5), Florida Statutes (2021). *T.R.-B.*, 335 So. 3d at 733; *see also* § 39.01(58), Fla. Stat. (2021) (defining "party" as "the parent or parents of the child, the petitioner, the department, the guardian ad litem or the representative of the guardian ad litem program when the program has been appointed, and the child"). The trial court later denied the grandmother's motion to intervene on the same grounds. *T.R.-B.*, 335 So. 3d at 734. As a result, the grandmother filed a petition for writ of certiorari, which the Third District granted.

The Third District applied Florida Rule of Civil Procedure 1.230 and held that the legal test to determine party status is that the movant's interest "must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Id.* The court found that the grandmother satisfied this test by being the child's grandmother and custodial caregiver for over the past four years and as petitioner in her adoption petition. *Id.* at 739.

In our opinion in this case, we held that rule 1.230 does not apply in juvenile proceedings. Our ruling is thus expressly contrary to the holding in *T.R.-B.* We certify conflict with that decision.

We deny all other motions.

2

CIKLIN and FORST, JJ., concur.

\*       \*       \*

***Final Upon Release; No Motion for Rehearing Will Be Considered.***